IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


BENJAMIN O. MAYS,

                         Plaintiff,

            v.                           CASE NO.  09-3127-SAC

WYANDOTTE COUNTY
SHERIFF'S DEPARTMENT,
et al.,

                         Defendants.

O R D E R

     Plaintiff has filed this civil rights complaint pursuant to
42 U.S.C. § 1983.  He names as defendants the "Wyandotte County
Sheriff Dept." (WCSD) and five employees of the WCSD[1].


## FACT BACKGROUND AND CLAIMS

     As the factual basis for his complaint, Mr. Mays alleges
that on August 24, 2007, he was "re-arrested" on charges of auto
theft, and confined for 10 months.  He further alleges he was
arrested by officers of the WCSD with a warrant and with probable
cause.  At the same time, he claims he was "falsely arrested."

     As count 1, plaintiff asserts his constitutional rights
under the Fourth Amendment were violated.  As count 2, plaintiff
asserts his constitutional rights under the Fifth Amendment were
violated.  As supporting facts, he alleges he lost his employment,
car, and house "as a result of being falsely arrested."  As Count
3, plaintiff asserts his Ninth Amendment rights were violated.  In

---

     [1]     Plaintiff does not specify whether he sues the individual defendants
in their official or personal capacities.

support of his claims, Mr. Mays alleges he "was held against (his) will for 10 months on a charge that was known to be false" and forced to go to trial because he "would not take a deal on a charge known to be false".  He adds, "solely because of (his) race[2]."  He seeks money "damages for lost wages for 10 months of incarceration" and punitive damages for pain, suffering, and mental stress.

**FILING FEE**

Plaintiff has filed a Motion to Proceed Without Prepayment of Fees (Doc. 2), and an Affidavit of Financial Status in support. He does not appear to be incarcerated at this time.  The court finds plaintiff has demonstrated his inability to pay the filing fee, and this motion should be granted.

**SCREENING**

Whether or not Mr. Mays is currently confined, the court is required to screen an in forma pauperis complaint and may dismiss the complaint if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief.  See 28 U.S.C. § 1915(e)(2); 28 U.S.C. § 1915A(b)(1); see also Neitzke v. Williams, 490 U.S. 319, 325 (1989)(A claim is "frivolous" if it "lacks an arguable basis in law or in fact."); see also Denton v. Hernandez, 504 U.S. 25, 27 (1992).  Nevertheless, pro se complaints are held to less stringent standards than pleadings drafted by lawyers, and the court must construe them liberally.  Haines v.

---

[2]

<u>Kerner</u>, 404 U.S. 519, 520 (1972).  Courts reviewing the sufficiency of a complaint presume that all of the plaintiff's factual allegations are true and construe them in the light most favorable to the plaintiff.  <u>Hall v. Bellmon</u>, 935 F.2d 1106, 1109 (10th Cir. 1991).  However, the court may not assume the role of advocate, and should dismiss claims which are supported only by vague and conclusory allegations.  <u>Id</u>. at 1110.  Having considered plaintiff's complaint under these standards, the court finds as follows.

## <u>WYANDOTTE COUNTY NOT PROPER DEFENDANT</u>

At the outset, the court finds that the Wyandotte County Sheriff's Department should be dismissed from this action because it is not a "person" within the meaning of 42 U.S.C. § 1983, and thus is not a suable entity[3]. <u>See</u> <u>e.g.</u> <u>Dean v. Barber</u>, 951 F.2d 1210, 1214 (11th Cir. 1992)("[s]heriff's departments and police departments are not usually considered legal entities subject to suit").

## <u>SOME OTHER CLAIMS DISMISSED</u>

42 U.S.C. § 1997e(e) provides: "[n]o Federal civil action may be brought by a prisoner . . . for mental or emotional injury

---

[3]    "Absent a specific statute, subordinate governmental agencies do not have the capacity to sue or be sued." <u>Fugate v. Unified Government of Wyandotte County</u>, 161 F.Supp.2d 1261, 1266 (D.Kan. 2001)(citing <u>see</u> <u>Mason v. Twenty-Sixth Judicial Dist.</u>, 670 F.Supp. 1528, 1535 (D.Kan. 1987); <u>Hopkins v. State</u>, 237 Kan. 601, 702 P.2d 311, 317 (1985)).  "In <u>Wright v. Wyandotte Sheriff's Department</u>, 963 F.Supp. 1029, 1034 (D.Kan. 1997), this Court specifically found that the Wyandotte County Sheriff"s Department is an agency of Wyandotte County and thus is not capable of being sued." <u>Fugate</u>, 161 F.Supp.2d at 1266 (citing <u>see also</u> <u>Farris v. Board of County Commr's</u>, 924 F.Supp. 1041, 1045 (D.Kan. 1996); <u>Owens v. Rush</u>, 636 F.2d 283, 286 (10th Cir.1980)).

suffered while in custody without a prior showing of physical injury." 42 U.S.C. § 1997e(e). Thus, to the extent that plaintiff alleges emotional and mental injuries while in custody (and seeks associated damages), his claims will be dismissed. See Robinson v. Page, 170 F.3d 747, 748 (7th Cir. 1999)("Section 1997e(e), as its wording makes clear, is applicable only to claims for mental and emotional injury.  It has no application to a claim involving another type of injury.")

Plaintiff includes completely conclusory allegations of a conspiracy to violate his rights.  However, a plaintiff asserting a § 1983 conspiracy claim "must allege specific facts showing an agreement and concerted action amongst the defendants." Tonkovich v. Kansas Bd. of Regents, 159 F.3d 504, 533 (10th Cir. 1998). "Conclusory allegations of conspiracy are insufficient to state a valid § 1983 claim." Id.  Because Mr. Mays does not allege any facts showing the elements of a conspiracy, this particular claim will be dismissed.

The Ninth Amendment to the United States Constitution provides:  "The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people."  The "Ninth Amendment is not an independent source of individual rights", but is "a rule of construction to be applied in certain cases."  See United States v. Bifield, 702 F.2d 342. 349 (2nd Cir. 1983).  Plaintiff states no cause of action under the Ninth Amendment, and this claim shall be dismissed.


**ORDER FOR SUMMONS**

4

The court finds a responsive pleading is required from the remaining defendants as to plaintiff's remaining claims.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Leave to Proceed in forma pauperis (Doc. 2) is granted.

**IT IS FURTHER ORDERED** that this action is dismissed and all relief is denied as against Wyandotte County Sheriff's Department.

**IT IS FURTHER ORDERED** that plaintiff's claims of emotional and mental injuries, of a conspiracy, and of a violation of the Ninth Amendment are dismissed.

**IT IS FURTHER ORDERED** that the clerk of the court shall prepare summons and waiver of service forms pursuant to Rule 4(d) of the Federal Rules of Procedure, to be served on the defendants remaining herein by a United States Marshal or a Deputy Marshal at no cost to plaintiff absent a finding by the court that plaintiff is able to pay such costs.

Copies of this Order shall be transmitted to plaintiff, to defendants, and to the County Commission for Wyandotte County, Kansas.

**IT IS SO ORDERED**.

Dated this 11th day of August, 2009, at Topeka, Kansas.


                                    s/Sam A. Crow
                                    U. S. Senior District Judge