IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BENJAMIN MAYS,

        Plaintiff,

vs.                             Case No. 09-3127-JTM

J. NORRIS, ET AL.,

        Defendants.

MEMORANDUM AND ORDER

This matter is before the court on the defendants' Motion for Summary Judgment. The defendants are officers of the Wyandotte County, Kansas Sheriff's Office who played some role, greater or lesser, in the investigation which lead to pro se plaintiff Benjamin Mays' state charge of auto theft. During the investigation, Mays was arrested on the discovery of an outstanding warrant on another charge on February 3, 2006. He was released on bond four days later. On August 24, 2006, Mays was arrested on the charge of auto theft, ultimately obtaining an acquitted on June 19, 2007.

Mays has filed no response to the motion for summary judgment, which is based on both affidavits from the defendants, the record in the state court proceedings, and the

Stipulations in the Pretrial Order. Since there has been no response, the statement of facts contained in the defendants' motion is deemed admitted and is incorporated herein.

The defendants' motion is hereby granted both as an unopposed motion under D.Kan.R. 7.4, and for good cause shown. Specifically, the court finds and agrees that, as to Mays' wrongful arrest and detention claim, the claim (1) is precluded by the two-year statute of limitations set forth in K.S.A. 600513(a)(4), *see Baker v. Board of Regents*, 991 F.2d 628, 630 (10th Cir. 1993), (2) the defendants are in any event entitled to qualified immunity on that claim, *see Romero v. Fay*, 45 F.3d 1472, 1476 (10th Cir. 1995), and (3) since Mays was arrested pursuant to a warrant, his claim is not for illegal arrest or detention but for malicious prosecution. *See Wallace v. Kato*, 549 U.S. 384, 389 (2007). With respect to claims of malicious prosecution, the court agrees with defendants that they are protected by qualified immunity, *see Albright v. Oliver*, 510 U.S. 266 (1994); *Becker v. Kroll*, 494 F.3d 904 (10th Cir. 2007) (*Albright* "unavoidabl[y]" forecloses substantive due process claims under § 1983 based on filing criminal charges without probable cause); (2) Mays has failed to show any violations of his procedural due process rights in the state court criminal action, and his acquittal in fact precludes such a claim, *see Morgan v. Gertz*, 166 F.3d 1307, 1310 (10th Cir. 1999) (holding that independent "of any misconduct by government agents before or during trial, a defendant who is acquitted cannot be said to have been deprived of the right to a fair trial"); and (3) because the defendants are protected by qualified immunity because there was probable cause to believe that Mays had committed automobile theft. In addition, four of the defendants (Whitby, Norris, Chavez, and

Freeman) advance the additional rationale that any claim of malicious prosecution must fail, since they played no role in causing the arrest of Mays, but merely played limited roles in providing factually accurate reports to the district attorney.

Both the uncontroverted and stipulated facts establish that an independent witness identifyied Mays as the person who took the missing vehicle, and that Mays has acknowledged this witness had no substantial reason to lie. It is equally uncontroverted that Mays and his girlfriend gave inconsistent statements about this missing vehicle – first that they knew nothing about it, and then that the vehicle had been removed by an unknown blue tow truck. Taking all of the evidence in the light most favorable to the plaintiff, a rational officer would still have concluded that probable cause existed to believe that Mays had stolen the missing vehicle. Indeed, two state court judges made just this determination, based on the same evidence, in the course of the state court criminal action.

IT IS ACCORDINGLY ORDERED this 27th day of July, 2010, that the defendants' Motion for Summary Judgment (Dkt. 37) is granted for the reasons provided herein.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE